# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE ESCOBAR, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. 16-2157 |
| v. | : | |
| | : | |
| KEVIN KAUFFMAN, *et al.*, | : | |
| Respondents. | : | |

**FILED**
APR 2 0 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## ORDER

**AND NOW,** this 20th day of April 2018, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge David R. Strawbridge, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[2]; and

---

[1] On February 11, 2011, Petitioner was arrested and charged with attempted murder, aggravated assault, recklessly endangering another person, conspiracy, possession of an instrument of crime, and possession of unlawful body armor for a shooting he perpetrated on a crowded street in Philadelphia. Videotaped footage of the incident showed Petitioner, who was 34 years old at the time and dressed in a bullet-proof vest, shooting multiple times at an unarmed 15 year old boy who was fleeing a street fight. The boy suffered three gunshot wounds, but survived. Although Petitioner fled the scene, he was later arrested and gave a full confession. On March 27, 2012, as trial was scheduled to begin, he entered a negotiated guilty plea to attempted murder, criminal conspiracy, and firearms charges and was sentenced to the agreed-upon aggregate sentence of 12½ to 25 years. In 2016, the Pennsylvania Superior Court affirmed his conviction, and the Pennsylvania Supreme Court denied review.

Petitioner now seeks federal habeas relief, arguing that his trial counsel was ineffective for failing to convey to Petitioner a more favorable guilty plea offer allegedly made earlier in the case, and (2) failing to adequately pursue a motion to compel the re-offering of that alleged earlier plea deal. Petitioner also contends that his appellate counsel was ineffective by abandoning the latter trial counsel ineffectiveness claim. As thoroughly explained in the R&R, these claims are either procedurally defaulted or meritless.

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

---

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).